# EXHIBIT "8"

IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| RICHARD TOGERSON, individually, and on behalf of all others similarly situated,<br><br>Claimants,<br><br>v.<br><br>LCC INTERNATIONAL, INC.,<br><br>Respondent. | AAA No. 01-17-0000-3776<br><br>ORDER ON THRESHOLD MATTERS AND ON RESPONDENT'S MOTION FOR CLAUSE CONSTRUCTION AWARD |

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above-referenced parties, and having been duly sworn, hereby STATE my reasoned opinion and ORDER as follows:

BACKGROUND

On February 3, 2016, Claimant Richard Torgerson ("Claimant") filed a collective action complaint against LCC International, Inc. and four individual defendants alleging violations of the Fair Labor Standards Act (FLSA) in the United States District Court for the Western District of Missouri. The complaint alleged that defendants had misclassified its Migration Analyst employees as exempt and failed to compensate them for their overtime hours worked. Five plaintiffs (Richard Torgerson, Robert Hall, Shelley Gordon, Byron Hughes and Moses Boye-Doe) initiated the action. Subsequently seventeen additional employees or former employees of defendants filed consents to join the action.

On July 8, 2016, in ruling on the defendants' Motion to Dismiss for Improper Venue, the Western District of Missouri transferred the case to the United States District Court for the District

1

of Kansas. Torgerson et al. v. LCC International Inc., et al., Case No. 4:16-cv-00088-BCW (W.D. Mo.), Docket 54.

On August 10, 2016, the District of Kansas granted in part and denied in part defendants' Cross Motion to Dismiss, or in the Alternative, to Stay Proceedings and Compel Arbitration. Torgerson et al. v. LCC International Inc., et al., Case No. 2:16-cv-02495-DDC-TJJ (D. Kan.), Docket 62. The District Court denied "the portion of defendants' motion asking the court to decide the question of class certification" and "decline[d] to decide plaintiff's Motion for Conditional Certification of Class Claims Under § 216(b) of the FLSA (Doc. 9) without prejudice to their right to present that request to an arbitrator." (Docket 62, p. 1). The court granted defendants' motion for an order compelling arbitration of the present dispute. (Docket 62, p. 6).

The District Court found that, as a condition of employment, each Migration Analyst had signed an Agreement on Ideas, Inventions and Confidential Information ("the Agreement") that contained the following provisions:

> 5.4 Arbitration. Any controversy or claim arising out of or relating to this Agreement, the breach or interpretation thereof or Employee's employment with LCC shall be settled by arbitration in Arlington, Virginia in accordance with the then prevailing rules of the American Arbitration Association, and judgment upon the award shall be final, conclusive and binding. All costs of arbitration shall be borne by the losing party, unless the arbitrators decide such costs should be allocated between the parties in particular proportions. Notwithstanding the foregoing, LCC shall be entitled to seek injunctive or other equitable relief pursuant to the provisions of Section 5.1 hereof in any federal or state court having jurisdiction.
>
> 5.5 Governing Law; Attorney's Fees. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia, without regard to principles of conflicts of law. In the event it is necessary to retain the services of legal counsel in connection with any controversy or claim arising hereunder, the prevailing party shall be entitled to reimbursement of its reasonable attorney's fees and cost of suit.

(Docket 27-2). The District Court concluded that Section 5.4 of the Agreement required arbitration of the claims asserted herein.

On January 3, 2017, the District Court denied Mr. Torgerson's Motion for Reconsideration of the court's August 10, 2016, Order. On January 17, 2017, Mr. Torgerson submitted a Demand for Arbitration.

On May 19, 2017, the arbitrator conducted a Case Management Conference during which the parties agreed that certain preliminary issues needed to be resolved at the outset, before proceeding with discovery, any dispositive motions and a hearing. Accordingly, and by agreement of the parties, the Case Management Order specified that Claimants would submit a brief addressing the issues of the validity and enforceability of the arbitration clause, including the enforceability of the venue selection provision of the arbitration clause, and that Respondent would submit a brief addressing the clause construction issue of whether this arbitration should proceed collectively or individually. The parties have submitted their briefs as ordered, and each has submitted a brief in reply to the other.

## ARGUMENTS OF THE PARTIES

Claimants' Brief on Threshold Matters argues as follows:

1. That the arbitrator has jurisdiction to decide issues regarding the scope and validity of the Agreement's arbitration provisions, including those relating to venue and to whether this matter may proceed on a collective basis;

2. That the FLSA guarantees Claimant's right to proceed as a collective action;

3. That Claimants were fraudulently induced to agree to unconscionable arbitration provisions;

4. That Claimants' FLSA claims lie outside the scope of the Agreement's arbitration provisions;

5. That the Agreement's arbitration provisions are unenforceable under the National Labor Relations Act (NLRA) and the Federal Arbitration Act (FAA);

6. That the Agreement's arbitration provisions are unenforceable because they prevent Claimants from effectively vindicating their rights under the FLSA; and

7. That any arbitration under the Agreement must take place within the District of Kansas and on a collective basis.

In response, Respondent argues as follows:

1. That the FLSA does not guarantee a substantive right to proceed as a collective arbitration;

2. That the Law of the Case doctrine precludes Claimants from re-arguing that the arbitration provisions lack consideration, or that they were fraudulently induced and are unconscionable, or that their FLSA claims lie outside the scope of the arbitration provisions;

3. That the arbitration provisions do not violate the NLRA;

4. That the arbitration provisions do not prevent Claimants from effectively vindicating their rights under the FLSA;

5. That the arbitration provisions do not manifest an agreement to class, collective or group arbitration; and

6. That the Agreement's forum selection clause requires that the arbitration must occur in Arlington, Virginia.

Respondent's Motion for Clause Construction Award Dismissing Collective Action Allegations argues as follows:

1. That Claimant is collaterally estopped from asserting that the Agreement's arbitration provisions permit collective action by the arbitrator's decision in <u>Khan, et al. v. LCC International Inc.</u>, AAA 01-14-00006008 (Oct. 24, 2014);

2. That Respondent did not agree to class arbitration;

3. That the arbitration provisions' silence regarding class, collective or group arbitration bars such proceedings in arbitration; and

4. That any finding that the arbitration provisions authorize collective proceedings would conflict with the plain language of the provisions and with Respondent's understanding of those provisions.

In response to Respondent's Motion for Clause Construction Award, Claimants contend:

1. That U.S. Supreme Court precedent does not bar arbitration provisions that are silent as to collective action from being interpreted to authorize collective arbitration;

2. That Claimants are not collaterally estopped from asserting that the Agreement's arbitration provisions permit collective action; and

3. That the arbitration provisions do not waive or limit Claimants' right to proceed collectively.

## ANALYSIS

The parties' various arguments cluster around two issues: (1) whether the Agreement's forum selection clause specifying Arlington, Virginia, as the hearing location is enforceable; and (2) whether the Claimants have the right under the Agreement's arbitration provisions to proceed

as a collective arbitration. Proper interpretation of the Agreement's arbitration provisions demonstrates that the forum selection clause is enforceable; any hearings herein shall be held in Arlington, Virginia. Proper interpretation of those provisions also demonstrates that the Claimants have the right to proceed as a collective arbitration.

### The Agreement's Arbitration Provisions Are Valid and Enforceable.

Concerning the validity and enforceability of the Agreement's arbitration provisions as a whole, each Migration Analyst signed the Agreement as a condition of employment, which employment constitutes sufficient consideration for the Agreement to be valid.

Claimants challenge the validity and enforceability of the Agreement on the grounds that its formation was fraudulently induced. Beyond that conclusory allegation, however, Claimants provide no factual basis for that claim. This challenge to the validity and enforceability of the Agreement is therefore rejected.

Claimants argue that the Agreement is unconscionable on the grounds that it is the result of grossly unequal bargaining power, that there was a complete lack of negotiation over its terms, and that it lacked consideration. Claimants have the burden of showing by clear and convincing evidence that the Agreement's arbitration provisions are unconscionable. Guadagno v. E*Trade Bank, 592 F.Supp.2d 1263, 1272 (C.D. Cal. 2008) (analyzing Virginia law). The allegations of unequal bargaining power and lack of negotiation are unsupported by affidavit or otherwise, and the sufficiency of consideration has already been found. Moreover, nothing about the Agreement's arbitration provisions "shock the conscience." See Fransmart, LLC v. Freshii Dev., LLC, 768 F.Supp.2d 851, 870-71 (E.D. Va. 2011). Claimants executed a basic agreement regarding some of the terms of their employment, including the agreement to arbitrate claims

6

arising from their employment, in exchange for their employment with Respondent. Claimants' unconscionability challenge too is therefore rejected.

Claimants also contend that their FLSA claims lie outside the scope of the Agreement's arbitration provisions. This contention flies in the face of the broad language of the arbitration provisions, which cover <u>any</u> claims arising out of or relating to Employee's employment with Respondent. Claimants' FLSA claims by definition had to arise out of their employment with Respondent. Regardless of the relatively narrow scope of other provisions of the Agreement, the terms of the arbitration provisions are broadly stated. Claimants' FLSA claims lie within the scope of the plain language of the Agreement's arbitration provisions.

As for Claimants' contention that the Agreement's arbitration provisions are unenforceable under the NLRA and FAA, citing <u>Hobby Lobby Stores, Inc. and The Committee to Preserve the Religious Right to Organize</u>, 363 NLRB No. 195 (May 18, 2016) and <u>Lewis v. Epic Sys. Corp.</u>, 2016 WL 3029464 (7th Cir. 2016), this argument and these authorities are inapplicable here. The arbitration provisions here do not explicitly bar concerted legal action, including class complaints, so they do not violate the NLRA and FAA as Claimants contend.

Claimants also argue that the Agreement is unenforceable because its cost and fee-shifting provisions prevent Claimants from effectively vindicating their rights under the FLSA. Claimant bears the burden of showing this to be the case, however, based on admissible evidence. *See, e.g.*, <u>In Re Universal Serv. Fund Tel. Billing Practices Litig.</u>, 300 F.Supp.2d 1107, 1138 (D. Kan. 2003). This Claimant has not done.

Moreover, properly construed, the cost and fee-shifting provisions of Section 5.5 of the Agreement apply only to "any controversy or claim arising hereunder," meaning the Agreement. Claimants' claims do not arise under the Agreement; they arise under the FLSA. Accordingly

7

the prevailing party, whoever that might be, is not entitled to reimbursement of its reasonable attorney's fees and cost of suit under Section 5.5. Section 5.5 of the Agreement, properly construed, thus would not prevent Claimants from effectively vindicating their rights under the FLSA. This determination does not, however, bar the possibility of an award of reasonable attorney's fees and costs to Claimants under the FLSA if they become the prevailing parties.

Accordingly, the Agreement is valid and enforceable, and Claimants' FLSA claims fall within its scope. Since these determinations coincide with those of the District Court in compelling arbitration, it is not necessary to reach whether this result was required by the Law of the Case doctrine.

The Agreement specifies that this arbitration shall be conducted according to the rules of the American Arbitration Association (AAA). Claimants submitted their Demand for Arbitration under the AAA's Employment Arbitration Rules, which grant the arbitrator jurisdiction over "any objections with respect to the existence, scope or validity or the arbitration agreement." (AAA Employment Arbitration Rule 6(a)). The parties' Agreement and the AAA rules incorporated therein thus grant the arbitrator the authority to decide these preliminary issues.

Further, the Agreement specifies that, to the extent these issues present questions of state law, the laws of the Commonwealth of Virginia govern. (Agreement, Section 5.5). Under Virginia law, contracts are "construed as written, without adding terms that were not included by the parties. When the terms in a contract are clear and unambiguous, the contract is construed according to its plain meaning." PMA Capital Ins. Co. v. US Airways, Inc., 271 Va. 352, 358, 626 S.E.2d 369, 372 (2006).

## The Agreement's Forum Selection Clause Is Valid and Enforceable.

Applying Virginia principles of contract interpretation, the Agreement's forum selection clause clearly and unambiguously requires that this dispute "shall be settled by arbitration in Arlington, Virginia." Claimants object, however, that (1) a district court cannot compel arbitration outside its district; (2) Respondent has waived its rights to enforce this provision; and (3) the majority of parties, witnesses, and documents relevant to this matter are located in Kansas City, Kansas. None of these arguments are persuasive.

First, the district court did not compel arbitration outside its district; it simply compelled arbitration according to the parties' Agreement. The Agreement specified Arlington, Virginia, not the district court.

Second, Respondent's position in the pre-arbitration litigation that the District of Kansas had jurisdiction to determine whether the parties should be compelled to arbitration does not constitute a waiver of the entirely separate issue of where that arbitration should occur.

Third, forum selection clauses are enforceable despite inconvenience to a party unless the party has shown that enforcing the clause "will for all practical purposes deprive him of his day in court' because of the grave inconvenience or unfairness of the selected forum.'" Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). Claimants make such allegations but they have not supported those allegations by affidavit or otherwise.

Accordingly, the Agreement's forum selection clause is valid and enforceable. Any hearings in this matter shall take place in Arlington, Virginia.

## The Agreement's Arbitration Provisions Authorize Claimants to Proceed on a Collective Basis.

Respondent's argument against Claimants' assertion of the right to proceed on a collective basis is based on the fact that the Agreement's arbitration provisions do not explicitly address class, group or collective action. Respondent cites the arbitrator's decision in Khan, *supra,* which interprets that silence as barring collective action, and claims that the Khan decision collaterally estops Claimants from achieving a contrary result here.

Initially, the doctrine of collateral estoppel does not apply because Claimants were not in privity with the claimants in Khan. Admittedly, the same arbitration provisions and the same employer were involved there, but Claimants were not, nor did they have notice and an opportunity to join those proceedings.

Turning to the matter of interpreting the Agreement's arbitration provisions, as both parties acknowledge, the provisions do not explicitly reference class, group or collective action. The arbitrator in Khan interpreted the provisions to bar collective action on the grounds that they only reference claims by the "employee" in the singular. The arbitrator in Khan dismissed the significance of the provisions' broad references to "Any controversy or claim arising out of or relating to ... Employee's employment with LCC" (emphasis added) as being limited by the reference in the clause to the singular employee.

Proper interpretation of the clause when the portion of the clause omitted by the arbitrator in Khan is included, however, leads to a different interpretation. When that portion is not omitted, the clause reads, "Any controversy or claim arising out of or relating to this Agreement, the breach or interpretation thereof or Employee's employment with LCC shall be settled by arbitration in accordance with the then prevailing rules of the American Arbitration

10

Association...." Only one of the four types of possible claims covered by the clause (when quoted in its entirety) references the singular employee: claims arising out of or relating to "Employee's employment with LCC." Three other types of claims have no such limiting reference: claims arising out of or relating to (1) the Agreement; (2) "the breach ... thereof"; or (3) "the ... interpretation thereof." The Agreement's reference to claims relating to the "interpretation" of this Agreement is an explicit reference to exactly what the parties acknowledge the arbitrator has the power to do: interpret the Agreement as to whether it authorizes collective action.

Further, the Agreement's arbitration provisions require arbitration of <u>any</u> claim of these four types. As in Baldwin, et al. v. Forever 21, Inc. (AAA 53-160-000071-13 (August 30, 2013)), "Use of this inclusive and generic term 'any' on its face indicates that all claims are covered absent a demonstration of exclusion." Baldwin, at 15. In Baldwin, as here, "Nowhere does the Agreement state that one type of FLSA claim (one individually filed) is covered, but another type of FLSA claim (one filed on behalf of others similarly situated) is not covered." Id., at 16.

In conjunction with the provisions' very broad reference to <u>any</u> controversy or claim, which under the FLSA can include collective action, the contract interpretation precedents of the Commonwealth of Virginia and the FAA require that the Agreement's arbitration provisions be interpreted to authorize collective action. The Agreement's arbitration provisions require arbitration of the "'same universal class of disputes' that it barred the parties from bringing 'as civil actions' in court." See Oxford Health Plans LLC v. Sutter, 133 S.Ct. 2064, 2069 (2013). Respondent's contention that a contract may not be interpreted under Virginia law "by reading extraneous terms into it unless ambiguities arise from words in the contract itself" (Respondent's

Memorandum in Support of Motion for Clause Construction Award, p. 8) is unavailing because this interpretation is based on the words themselves. *See* Robinson-Huntley v. George Washington Carver Mut. Homes Ass'n, Inc., 287 Va. 425, 429 (Va. 2014).[1]

For these reasons, Respondent's motion for a final clause construction award dismissing Claimants' collective action allegations is denied. This Order is a non-final decision, and it does not pertain to class action. It pertains to opt-in collective action under the FLSA. AAA rules do not provide for the issuance of a "final" award pertaining to whether an arbitration may proceed on an opt-in collective basis under the FLSA, as opposed to an opt-out "class action." Jock v. Sterling Jewelers Inc., 188 F.Supp.3d 320, 327 (S.D.N.Y. 2016), *appeal dismissed for lack of jurisdiction over interim arbitration decision*, Jock v. Sterling Jewelers Inc., No. 16-1731-CV, 2017 WL 2377837, at *1 (2d Cir. June 1, 2017).

Nor do the AAA rules require a stay of these proceedings to permit a party to seek judicial review of this Order, since this Order is not a final class arbitration determination. AAA Supplementary Rule for Class Actions 5(d); Jock, 188 F.Supp.3d at 327-28.

## CONCLUSION

The Agreement's arbitration provisions, properly construed, constitute a valid and enforceable agreement to arbitrate Claimants' FLSA claims under AAA rules with all hearings to be held in Arlington, Virginia.

---

[1] Respondent overstates the precedential significance of Stolt-Nielsen S.A. v. AnimalFeeds International Corp., 559 U.S. 662 (2010) and AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011). Though "[a]n implicit agreement to authorize class-action arbitration, however, is not a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate," (Stolt-Nielsen, 559 U.S. at 685), this decision is not based solely on that fact; it is based on the actual words contained in the Agreement's arbitration provisions. *Accord*, Baldwin, at 14-15.

Respondent's Motion for a Clause Construction Award Dismissing Collective Action Allegations is denied. Proper construction of the Agreement's arbitration provisions demonstrates that the Agreement's arbitration clause authorizes arbitration of collective claims. This Order is non-final, since there is no provision under the AAA rules for a final determination regarding whether an arbitration agreement authorizes an arbitration to proceed as a collective, opt-in arbitration.

Finally, these proceedings are not stayed pursuant to AAA Supplementary Rule 5(d) because this Order is not a final class arbitration determination award. The parties shall reconvene at the previously scheduled Case Management Conference on August 7, 2017, at 11:30 a.m. (Eastern time) by conference call to proceed to determine the procedure and schedule for the arbitration of this matter as a collective arbitration.

Date: June 30, 2017

_____
David T. Ball, Arbitrator

I, David T. Ball, do affirm upon my oath that I am the individual described herein and who executed this instrument, which is my Order.

_____
David T. Ball