**EXHIBIT "13"**

IN THE AMERICAN ARBITRATION ASSOCIATION

RICHARD TOGERSON, individually, )
and on behalf of all others similarly situated, )
                                                                         )   AAA No. 01-17-0000-3776
            Claimants, )
                                                                         )   ORDER ON RESPONDENT'S
v.                                                                         )   MOTION TO DECERTIFY FLSA
                                                                           )   COLLECTIVE ARBITRATION
LCC INTERNATIONAL, INC., )
                                                                            )
            Respondent. )

Before this Tribunal is Respondent's Motion to Decertify FLSA Collective Arbitration. The matter has been fully briefed and is now ripe for decision.

As an initial matter, Respondent contends that the U.S. Supreme Court's decision in *Lamps Plus, Inc. v. Varela*, ___ U.S. ___, 139 S. Ct. 1407 (2019) mandates decertification of the collective. *Varela* holds, "Courts may not infer from an ambiguous agreement that parties have consented to arbitrate on a classwide basis." *Id.* at 1419. Here, by contrast, the Arbitrator ruled that arbitration may proceed on a collective basis based on the unambiguous, express words of the parties' arbitration agreement. (Order on Threshold Matters and On Respondent's Motion for Clause Construction Award, pp. 11-12).

*Varela's* holding was explicitly limited to the question of whether "an *ambiguous* agreement can provide the necessary 'contractual basis' for compelling class arbitration." 139 S.Ct. at 1415 (emphasis added). Respondent agrees that the wording of the arbitration agreement herein is unambiguous. (Memorandum in Support of Respondent's Motion for Clause Construction Award Dismissing Collective Action Allegations, p. 9 ("The arbitration provision in

1

Mr. Torgerson's Employee Agreement is unambiguous.")). *Varela* thus has no bearing on whether this matter may proceed on a collective basis.

Second, Respondent argues that the 29 claimants who form the collective are not sufficiently "similarly situated" to be authorized to proceed collectively under Section 216(b) of the Fair Labor Standards Act (FLSA). Respondent acknowledges that the U.S. Supreme Court has not established "precisely what 'similarly situated' means or how one proves it" (Respondent's Brief in Support of Motion to Decertify FLSA Collective Arbitration, p. 14), and the FLSA does not define the term.

The parties have presented various standards used by federal courts in determining whether employees are "similarly situated" for purposes of Section 216(b) at this second, decertification stage of a collective action. The key issue under the *ad hoc* approach favored by Respondent is "whether the differences among the plaintiffs outweigh the similarities of the practices to which they were allegedly subjected." *White v. 14051 Manchester Inc.*, 301 F.R.D. 368, 372 (E.D. Mo. 2014). Claimants bear the burden of showing that the differences do not outweigh the similarities by a preponderance of the evidence. *Zavala v. WalMart Stores Inc.*, 691 F.3d 527, 537 (3d Cir. 2012).

Claimants emphasize the following similarities, which are essentially undisputed:

1. Claimants were all classified as exempt.
2. Claimants were all hired as Migration Analysts.
3. All Migration Analysts functioned under the same job description.
4. There are extensive similarities between the Migration Analyst job description and the Senior Migration Analyst job description.

2

5. Senior Migration Analysts and Migration Analysts generally performed the same job duties.

6. Claimants were all evaluated based on the same core competencies.

7. Claimants all did migration work.

8. Over time, Claimants generally performed the same job duties.

9. Claimants worked in the same location.

10. Claimants were nearly all supervised by the same manager.

11. Claimants were all employed within the same division.

12. Claimants followed methods of procedure that could only be altered by a supervising engineer.

Respondent points out the following differences, which are also essentially undisputed:

1. Claimants' job duties evolved over time.

2. Claimants worked on different types of migrations.

3. Claimants fulfilled two distinct roles: router networking and project coordination.

4. The specific tasks that Claimants performed in fulfilling the router networking and project coordination roles varied based on skill set.

5. Claimants performed differing special projects at various times during their employment.

6. Some Claimants handled testing and troubleshooting duties, which duties varied based on their skill set.

7. Some Claimants trained other employees.

8. Respondent asserts different defenses against the various Claimants.

3

Having evaluated the evidence presented, I find that the Claimants have carried their burden of demonstrating that the differences between them do not outweigh the similarities for purposes of the *ad hoc* analysis under Section 216(b).

The remaining issue under the *ad hoc* approach is whether fairness and procedural concerns warrant decertifying the collective. Respondent's primary concern is that it would be deprived of the opportunity to put on evidence that is Claimant specific. Respondent will be granted that opportunity during the hearings in this matter. If, in Respondent's view, the evidence then shows that there are material differences between the Claimants not simply in terms of the job duties performed, but more significantly in terms of the differing applicability of the computer employee exemption and/or the administrative exemption to different Claimants, the question of decertification may be raised in a post-hearing motion to decertify the collective. *See Johnson v. Big Lots Stores, Inc.*, 561 F.Supp.2d 567, 588 (E.D. La. 2008).

For the foregoing reasons, Respondent's Motion to Decertify FLSA Collective Arbitration is DENIED.

IT IS SO ORDERED.

Date: July 8, 2019

                                             David T. Ball, Arbitrator

I, David T. Ball, do affirm upon my oath that I am the individual described herein and who executed this instrument, which is my Order.

                                             David T. Ball