IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD TORGERSON, et al.,**

    **Plaintiffs,**

v.

**LCC INTERNATIONAL, INC.,**

    **Defendant.**

Case No. 16-2495-DDC-TJJ

**MEMORANDUM AND ORDER**

    Defendant LCC International, Inc. ("LCC") has filed a Motion for Extension of Time to File a Notice of Appeal. Doc. 159. On January 31, 2023, the court granted plaintiffs' Application for an Order Confirming an Arbitration Award against defendant. Doc. 155. And the court entered a Judgment for plaintiffs. Doc. 157. Under Fed. R. App. P. 4(a)(1)(A), defendant must file a Notice of Appeal "within 30 days after entry of the judgment[,]" or by March 2, 2023. Defendant asks the court to extend the time for it to file a Notice of Appeal under Fed. R. App. P. 4(a)(5)(A). Defendant seeks a 30-day extension of time to April 1, 2023, to file a Notice of Appeal.

    Fed. R. App. P. 4(a)(5)(A) allows the district court to extend the time for filing a Notice of Appeal if "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).

    Defendant satisfies the first requirement of the Rule. It filed its Motion for Extension of Time on February 27, 2023, before the time for filing a Notice of Appeal had expired under Rule

4(a)(1)(A).

Defendant argues that it also satisfies the second requirement because it has shown "good cause" for extending the time for appeal. The Tenth Circuit has described the concept of "good cause" as "'tak[ing] account of a narrow class of cases in which a traditional 'excusable neglect' analysis would be inapposite.'" *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (quoting *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000)). Good cause exists "'in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.'" *Id.* (quoting Fed. R. App. P. 4(a)(5) advisory committee's note to 2002 amendments).

Here, defendant asserts that it has "repeatedly tried to engage Plaintiffs' counsel to discuss LCC's satisfaction of the Judgment[,]" but "[t]o date . . . Plaintiffs' counsel has been unavailable despite repeated efforts to contact him." Doc. 159 at 2. Defendant asserts that its satisfaction of the Judgment requires plaintiffs to provide executed W-9 and W-4 forms for each plaintiff, but plaintiffs' counsel hasn't yet provided the forms for any plaintiff. *Id.* at 3. Defendant contends that good cause exists to extend the deadline for filing a Notice of Appeal—if one is even necessary—because the parties need the additional time to agree on the proper method for satisfying the Judgment.

Plaintiffs oppose defendant's request for an extension of time. Doc. 160. Plaintiffs argue that defendant's need for tax forms doesn't establish good cause for the extension. Plaintiffs contend that taking steps to satisfy the Judgment has nothing to do with the decision whether to file a Notice of Appeal of the court's Judgment. And, plaintiffs argue, if defendant intends to satisfy the Judgment, then it has no need to file a Notice of Appeal. Instead, the extension only serves to create more delay in this years-long dispute. And, plaintiffs argue, further delay will

prejudice them.

Also, plaintiffs provide a very different version of the parties' communications post-Judgment. Plaintiffs assert that their counsel first reached out to defendant on February 7, 2023, asking whether defendant intended to satisfy the Judgment. Doc. 160 at 2. Plaintiffs' counsel reached out again on February 14, asking what tax forms defendant needed to issue payments to plaintiffs. *Id.* According to plaintiffs, defendant didn't confirm what tax forms it needed until Friday, February 24, one business day before defendant filed its Motion for Extension of Time on Monday, February 27. Plaintiffs represent that their counsel began gathering signed tax forms from plaintiffs on February 24—the day that defendant confirmed which tax forms it needed. But now, defendant seeks an extension of time to file a Notice of Appeal—something that plaintiffs find "inconsistent" with defendant's representations that it intends to pay the Judgment. *Id.*

On these facts, the court can't find that defendant has shown good cause to extend the time for filing a Notice of Appeal under Fed. R. App. P. 4(a)(5). As already explained, good cause exists when "'there is no fault—excusable or otherwise'" and "'the need for an extension is usually occasioned by something that is not within the control of the movant.'" *Bishop*, 371 F.3d at 1207 (quoting Fed. R. App. P. 4(a)(5) advisory committee's note to 2002 amendments). That's not the situation here. Defendant has had ample to opportunity to communicate with plaintiffs about satisfying the Judgment. And, as plaintiffs represent, they have worked diligently to respond to defendant's request for tax forms—a request that defendant just confirmed last Friday. Also, the court agrees with plaintiffs that granting the extension of time only serves to delay this case. Such a delay likely will prejudice plaintiffs who already have spent years prosecuting their FLSA claims against defendant. The court thus denies defendant's

3

Motion for Extension of Time.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant LCC International, Inc.'s Motion for Extension of Time to File a Notice of Appeal (Doc. 159) is denied.

**IT IS SO ORDERED.**

Dated this 1st day of March, 2023, at Kansas City, Kansas.

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**